## WHAT IN OHIO CONSTITUTES AN APPEARANCE.

[Circuit Court of Lorain County.]

### J. G. BLINN v. CLAUDE M. RICKETT.*

Decided, April Term, 1905.

*Appearance—Motion to Dismiss Does Not Constitute, When—Language of the Motion—And Intention of the Party Making It.*

A motion to discharge an attachment for the reason that the affidavit upon which it was issued is false and the facts therein alleged untrue, does not confer jurisdiction; and it appearing that the affidavit furnishes no ground for the attachment, a dismissal of the suit as well as of the attachment may properly be entered.

MARVIN, J. (orally); WINCH, J., and HENRY, J., concur.

The case of J. G. Blinn v. Claude M. Rickett is a proceeding in error. The case was this: Plaintiff brought a suit against Rickett, before a justice of the peace, and filed his affidavit for an attachment; an attachment was issued and allowed. No personal service was had upon Rickett and Rickett was not in court, except as he was brought in by the attachment; *unless* he is to be held to have made a voluntary appearance by facts which will be stated.

Rickett, the defendant, filed this motion before the justice of the peace:

"J. G. Blinn, Plaintiff, v. Claude M. Rickett, Defendant.

"Now comes the defendant and moves the court to discharge the attachment issued herein, for the reason that the affidavit upon which said attachment was issued is false, and the facts alleged therein untrue."

That motion was sustained, and the justice then proceeded to dismiss the action.

The error complained of is not that he dismissed the attachment, but that he dismissed the action; because it is urged that Rickett, having made this motion, had submitted himself to the jurisdiction of the court, and the court therefore had jurisdiction of his person in the proceeding.

* Affirming *Blinn* v. *Rickett*, 3 N. P.—N. S., 345.

It is well settled that where one upon whom service has not been made appears for the purpose of discharging or dismissing an insufficient service, and appears for no other purpose, he is not to be held to have submitted himself to the jurisdiction of the court upon the merits of the case.

The ordinary form, as we all know is, in a case like that, to say: "Now comes the defendant herein, and appearing for the purpose of this motion only, moves the court."

If that is necessary in order to avoid submitting one's self to the jurisdiction, then Rickett did submit himself to the jurisdiction; but if that is not necessary, he did not submit himself. As has been said, it is thoroughly well settled, that where one appears for the purpose of questioning the jurisdiction and for no other purpose, he does not submit himself to the jurisdiction. Must he in his motion say so, or is it sufficient for him to say by his motion that he appears for nothing else. Is one to be said to have appeared for something else than that which he asks to have done? We think not. We think that this motion did not submit Rickett to the jurisdiction of the court over any matter in that case, except the one thing that he asked to have the court do; and we find authority in the Supreme Court of Kansas for that view, in the case of *Green* v. *Green*, 22 Pacific Reporter, 730. The second clause of the syllabus reads:

"A motion to set aside a judgment in the following words: 'Now comes the defendant, Oliver Green, by his attorneys, Welch & Welch, and moves the court to set aside the judgment rendered on the 1st day of October, 1887, in favor of the plaintiff herein, for the reason that no proper service was had on the defendant, Oliver Green, in said suit,' " is a special appearance only. The court also cited the case of *Reynolds* v. *Fleming*, 30 Kan., 106; 1 Pac. Rep., 61. The 2d Vol. of Ency. of Pleading and Practice lays down the general proposition which was stated at the beginning of what is now being said, as recognized by all where one appears for a special purpose, and that only to question the jurisdiction, he does not submit himself to the jurisdiction. Whenever he asks to have the court pass upon any question connected with the merits of the case that moment he does submit himself to the jurisdiction.

The court of common pleas affirmed the justice of the peace in dismissing the action, and this court affirms the judgment of the court of common pleas.

*Fritz Ruding*, for plaintiff in error.

*Clayton Chapman*, for defendant in error.

## TRAILING CRIMINALS WITH BLOODHOUNDS.